**COPULOS FISHER & ROYLO**
**A Limited Liability Law Company**

| | |
|---|---|
| DONALD E. FISHER | 6268-0 |
| RYAN W. ROYLO | 6329-0 |

American Savings Bank Tower
1001 Bishop Street, Ste. 1510
Honolulu, Hawaii 96813
Telephone: 536-0500
Facsimile: 536-0021

Attorneys for Plaintiff
MICHAEL SCALERA

ORIGINAL

2009 SEP -9  PM 2: 50

E. ALAC O

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

### STATE OF HAWAII

| | |
|---|---|
| MICHAEL SCALERA, | Civil No. 09-1-2090-09   GWDG |
| Plaintiff, | (Other Non-Vehicle Tort) |
| vs. | |
| | COMPLAINT; SUMMONS |
| THE SHACK WAIKIKI, LLC dba THE SHACK WAIKIKI, a domestic for-profit company; CB RICHARD ELLIS HAWAII, LLC, a domestic for-profit corporation; CB RICHARD ELLIS, INC. a foreign for-profit corporation;  WAIKIKI TRADE CENTER INVESTORS, LLC, a domestic for-profit corporation; JOHN DOE ASSAILANTS 1-10; JOHN DOES 11-20; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE NON-PROFIT ENTITIES 1-10; DOE GOVERNMENTAL ENTITIES 1-10; DOE NATURAL GUARDIANS 9-20; and DOE LEGAL GUARDIANS 1-20. | |
| Defendants. | |

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

RECEIVED
$ 275.

ATTACHMENT 4

## COMPLAINT

COMES NOW Plaintiff MICHAEL SCALERA, by and through his counsel,

Copulos Fisher & Roylo, A Limited Liability Law Company, and for complaint against the

above-named Defendants alleges and avers as follows:

1.      Plaintiff MICHAEL SCALERA ("Plaintiff") is and was at all relevant

times herein a resident of the City & County of Honolulu, State of Hawaii.

2.      Defendant THE SHACK WAIKIKI, INC. (hereinafter referred to as

"Defendant SHACK") is and was at all relevant times herein a Hawaii domestic for-profit

limited liability company registered to do business in the City & County of Honolulu, State of

Hawaii, with its principal place of business located 2255 Kuhio Avenue, Suite S-10 & S-11,

Honolulu, Hawaii 96815.  Upon information and belief, Plaintiff further alleges and avers that, at

all times relevant herein Defendant SHACK's stated business purpose is and was to restaurant

and/or bar.

3.      Defendant CB RICHARD ELLIS HAWAII, INC. (hereinafter referred to

as "Defendant CB HAWAII") is and was at all relevant times a Hawaii domestic for-profit

corporation registered to do business in the City & County of Honolulu, State of Hawaii.

4.      Defendant CB RICHARD ELLIS, INC. (hereinafter referred to as

"Defendant CB") is and was at all relevant times a Hawaii foreign for-profit corporation

registered to do business in the City & County of Honolulu, State of Hawaii.

5.      Defendant WAIKIKI TRADE CENTER INVESTORS, LLC (hereinafter

referred to as "Defendant WTC") is and was at all relevant times a Hawaii domestic for-profit

corporation registered to do business in the City & County of Honolulu, State of Hawaii.

6.      Upon information and belief, Plaintiff alleges and avers that at all times relevant herein, Defendant SHACK owned, operated and/or managed a property located at 2255 Kuhio Blvd., Suite S-10 and S-11, Honolulu, Hawaii, 96815 and that said premises owned, operated and/or managed by Defendant SHACK are part of, located within and/or comprise either in whole or in part the Waikiki Trade Center located at 2255 Kuhio Blvd., Honolulu, Hawaii, 96815.

7.      Upon information and belief, Plaintiff alleges and avers that at all times relevant herein, Defendants CB HAWAII, CB, and/or WTC owned, operated and/or managed a property known as the Waikiki Trade Center located at 2255 Kuhio Blvd., Honolulu, Hawaii, 96815.

8.      Plaintiff is unable at this time to ascertain the identity of all defendants in this action designated as JOHN DOE ASSAILANTS 1-10, JOHN DOES 11-20, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE NON-PROFIT ENTITIES 1-10, DOE GOVERNMENTAL ENTITIES 1-10, DOE NATURAL GUARDIANS 9-20 and DOE LEGAL GUARDIANS 1-20, and therefore Plaintiff sues these Defendants under fictitious names for the reason that their true names and identities are unknown to Plaintiff except that they may be connected in some manner with the named Defendants and may be agents, servants, employees, employers, representatives, co-ventures, associates, independent contractors and/or guardians of the named Defendants and/or were in some manner presently unknown to Plaintiff engaged in the activities alleged herein and/or were in some manner presently unknown to Plaintiff or his attorneys.

## COUNT I

### (Negligence – Defendant SHACK)

9.      Plaintiff repeats and incorporates herein by reference paragraphs 1 to 8 of this Complaint as if fully set forth herein.

10.     On or about March 5, 2009, Plaintiff was legally on the premises of the Waikiki Trade Center located at 2255 Kuhio Boulevard, Honolulu, Hawaii, 96815 (hereinafter referred to as the "Premises").

11.     The property upon which the Premises is situated is more particularly described as TMK No. 260220040000, located on the island of Oahu, State of Hawaii.

12.     Upon information and belief, at all times relevant, Defendants CB HAWAII, CB, and/or WTC were the leasehold and/or land owner of the Premises.

13.     Defendant SHACK is and was at all relevant times, a tenant company leasing space to run a bar/restaurant business at the Premises.

14.     Upon information and belief, Plaintiff alleges and avers that at all times relevant herein, Defendant SHACK by and/or through its/their respective agents, employees and/or authorized representatives, operated, maintained and/or managed a restaurant and/or bar at the Premises.

15.     Upon information and belief, one or more JOHN DOE ASSAILANTS 1-10, were also on the Premises at the same time as Plaintiff, and said Defendants caused a disturbance and/or threatening other individuals on the Premises, and otherwise were engaged in abusive, inappropriate, threatening and violent behavior.

16.     Upon information and belief, JOHN DOE ASSAILANTS 1-10 are Defendant SHACK's employees and/or security personnel.

17.     Upon information and belief, while on the Premises, JOHN DOE ASSAILANTS 1-10 did without just cause and without provocation or consent on the part of Plaintiff, strike Plaintiff about his body, head and face, with their fists while Plaintiff was on the Premises causing Plaintiff to suffer injuries as hereinafter set forth.

18.     Upon information and belief, Defendant SHACK knew or should've known of the abusive, inappropriate, threatening, and violent behavior and/or propensity for violence by its employees and/or security personnel prior to March 5, 2009.

19.     Upon information and belief, despite knowledge of the abusive, inappropriate, threatening, and violent behavior of its employees and/or security personnel, Defendant SHACK failed to take any reasonable action(s) to address the dangerous condition or otherwise remove the danger presented by its security personnel to its patrons and/or general public.

20.     Upon information and belief, Plaintiff alleges and avers that the owners and/or management of Defendant SHACK knew, should've known, and/or observed and therefore was aware of the abusive, inappropriate, threatening, and violent behavior of said Defendant SHACK employees and/or security personnel, but did nothing to investigate, remove, warn or otherwise address the dangerous condition presented by its security personnel to its patrons and/or general public.

21.     Upon information and belief, Plaintiff alleges and avers that at all relevant times herein, Defendant SHACK, by and through its agents, employees, and/or representatives retained security services and/or security personnel for the Premises.

22.     Upon information and belief, Plaintiff alleges and avers that at the time of the incident involving said Defendants and Plaintiff set forth above, Defendant SHACK through

its employees, representatives, agents, and/or security personnel witnessed the incident, stood by and failed to act, intervene and/or protect Plaintiff, and/or otherwise negligently performed and/or omitted to perform security related duties to prevent the incident, protect Plaintiff from the physical contacts and injuries suffered in the incident, and/or timely respond and/or intervene to halt the physical contacts and injury of Plaintiff.

23.    Defendant SHACK had a duty to provide adequate security for the Premises, in general, and Plaintiff in particular.

24.    Defendant SHACK through its employees, representatives, agents, or security personnel failed in the discharge of that duty.

25.    Defendant SHACK failed in the discharge of its duty to provide adequate security for the Premises in general and Plaintiff in particular.

26.    Defendant SHACK was negligent in hiring, training, and/or supervision its employees, representatives, agents, or security personnel responsible for upholding the duty owed to Plaintiff.

27.    Defendant SHACK, was negligent in hiring, training, and supervising, its security personnel.

28.    Defendant SHACK owed a duty to Plaintiff to protect him from unreasonable risk of harm and/or danger while he was on the Premises.

29.    Defendant SHACK breached its duty to protect Plaintiff from unreasonable risk of harm and/or danger while Plaintiff was on the Premises.

30.    As a result of the prior crimes and/or incidents that occurred on the Premises, Defendant SHACK knew or in the exercise of reasonable care, should have known of

the possibility, if not the propensity, for criminal conduct on the Premises being perpetrated by it's employees and/or security personnel.

31.     As a result of Defendant SHACK's knowledge, it had a duty to protect patrons from the foreseeable danger and/or harm of the type caused by its employees and/or security personnel and JOHN DOE ASSAILANTS 1-10 on Plaintiff.

32.     Defendant SHACK breached its duty including, but not limited to, failing adequately to protect Plaintiff from harm by failing to supervise the Premises appropriately and to have sufficient and adequately trained security staff monitor the Premises and protect patrons.

33.     Defendant SHACK is responsible for the acts and omissions of its representatives, agents, contractors, and employees as well as its own.

34.     As a direct and proximate result of the breaches of duty, acts, and omissions of Defendants, jointly and severally, as set forth above, Plaintiff suffered severe and permanent injuries, including but not limited to permanent disfigurement of his face, loss of movement and coordination of his left hand, severe pain, extreme mental anguish, outrage, depression, and severe anxiety and distress, and is entitled to damages in an amount to be proven at trial.

35.     As a direct and proximate result of the acts and omissions of Defendants, jointly and severally, as set forth herein, Plaintiff incurred medical and hospital expenses, and loss of enjoyment of life, and such other special damages in an amount to be proven at trial.

36.     Plaintiff is entitled to damages in an amount to be proven at trial.

## COUNT II

### (Negligence – Defendants CB HAWAII, CB, and WTC)

37.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 to 36 as though fully set forth herein.

38.    Upon information and belief, Plaintiff alleges and avers that on occasions prior to the attack on Plaintiff, other patrons on the Premises had been assaulted.

39.    Upon information and belief, Defendants CB HAWAII, CB, and/or WTC knew or should've known of the abusive, inappropriate, threatening, and violent behavior and/or propensity for violence of its tenant's, Defendant SHACK, employees and/or security personnel prior to March 5, 2009.

40.    Upon information and belief, despite knowledge of the abusive, inappropriate, threatening, and violent behavior of Defendant SHACK's employees and/or personnel, Defendants CB HAWAII, CB, and/or WTC failed to take any reasonable action(s) to address the dangerous condition or otherwise remove the danger presented by Defendant SHACK's security personnel to its patrons and/or general public, including, but not limited to, investigate, warn, remove, evict, or otherwise address the dangerous condition created by Defendant SHACK.

41.    As a result of these prior crimes and/or incidents on the Premises, Defendants CB HAWAII, CB, and/or WTC knew or in the exercise of reasonable care, should have known of the possibility, if not the propensity, for criminal conduct on the Premises being perpetrated by Defendant SHACK's employees, security personnel, and/or JOHN DOE ASSAILANTS 1-10.

42.     As a result of Defendants CB HAWAII, CB and/or WTC's knowledge, Defendants CB HAWAII, CB, and/or WTC had a duty to protect patrons from the foreseeable danger and/or harm of the type caused by Defendants SHACK employees/security personnel and/or JOHN DOE ASSAILANTS 1-10 on Plaintiff.

43.     Defendants CB HAWAII, CB and/or WTC owed a duty to Plaintiff to provide adequate security for the Premises in general and Plaintiff in particular.

44.     Defendants CB HAWAII, CB and/or WTC breached their respective duties including, but not limited to, failing adequately to protect Plaintiff from harm by failing to supervise the Premises appropriately and to have sufficient and adequately trained security staff monitor the Premises and protect patrons.

45.     Defendants CB HAWAII, CB and/or WTC failed in the discharge of its/their duty to provide adequate security for the Premises in general and Plaintiff in particular.

46.     Upon information and belief, Plaintiff alleges and avers that at all relevant times herein, Defendants CB HAWAII, CB, and/or WTC, by and through their agents, employees, and/or representatives retained security services and/or security personnel for the Premises.

47.     Upon information and belief, Plaintiff alleges and avers that at the time of the incident involving said Defendants and Plaintiff set forth above, Defendants CB HAWAII, CB, and/or WTC, together, individually or through their employees, representatives, agents, and/or security personnel witnessed the incident, stood by and failed to act, intervene and/or protect Plaintiff, and/or otherwise negligently performed and/or omitted to perform security related duties to prevent the incident, protect Plaintiff from the physical contacts and injuries

suffered in the incident, and/or timely respond and/or intervene to halt the physical contacts and injury of Plaintiff.

48.     Defendants CB HAWAII, CB, and/or WTC, together or individually, were negligent in hiring, training, and/or supervision its employees, representatives, agents, or security personnel responsible for upholding the duty owed to Plaintiff.

49.     Defendants CB HAWAII, CB and/or WTC, either directly and/or through their agent(s), were negligent in hiring, training, and supervising, each respective security personnel.

50.     Defendants CB HAWAII, CB, and/or WTC owed a duty to Plaintiff to protect him from unreasonable risk of harm and/or danger while he was on the Premises.

51.     Defendants CB HAWAII, CB, and/or WTC breached its duty to protect Plaintiff from unreasonable risk of harm and/or danger while Plaintiff was on the Premises.

52.     Defendants CB HAWAII, CB and/or WTC are responsible for the acts and omissions of their agents, contractors and employees as well as its own.

53.     As a direct and proximate result of the breaches of duty, acts, and omissions of Defendants, jointly and severally, as set forth above, Plaintiff suffered severe and permanent injuries, including but not limited to permanent disfigurement of his face, loss of movement and coordination of his left hand, severe pain, extreme mental anguish, outrage, depression, and severe anxiety and distress, and is entitled to damages in an amount to be proven at trial.

54.     As a direct and proximate result of the acts and omissions of Defendants, jointly and severally, as set forth herein, Plaintiff incurred medical and hospital expenses, and loss of enjoyment of life, and such other special damages in an amount to be proven at trial.

55.     Plaintiff is entitled to damages in an amount to be proven at trial.

## COUNT III

**(Negligent Management/Control of Premises – Defendants CB HAWAII, CB, and WTC)**

56.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 to 55 as though fully set forth herein.

57.     Upon information and belief, at all times relevant, Plaintiff alleges and avers that at all times relevant herein, Defendants CB HAWAII, CB, and/or WTC, individually and/or separately or in combination, by and/or through its/their respective agents, employees and/or authorized representatives, operated, maintained and/or managed the Premises.

58.     Defendants CB HAWAII, CB and WTC, its/their agents, servants, employees and/or authorized representatives owed a duty of care to persons on the Premises, and Plaintiff would not have sustained the above-described injuries in the ordinary course of events unless the person or persons exercising management or control of the Premises failed to exercise ordinary care or had been negligent.

59.     As a direct and proximate result of Defendants CB HAWAII, CB and WTC, its/their agents, servants, employees and/or authorized representatives' failure to exercise ordinary care and/or negligence, Plaintiff has been injured and damaged as described above, in amounts to be proven at trial.

60.     As a direct and proximate result of Defendants CB HAWAII, CB and WTC's respective agents, servants, employees and/or representatives' negligent performance and/or omission to perform their duties with respect to the above-described physical contact and injury of Plaintiff while on the Premises, Plaintiff has been injured and damaged as described above, in amounts to be proven at trial.

11

## COUNT V

### (Creation of Dangerous Condition)

61.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 to 60 as though fully set forth herein.

62.     Defendants SHACK, CB HAWAII, CB and/or WTC, its/their respective agents, servants and/or employees negligent performance and/or omission to perform their duties with respect to the presence and conduct of Defendant SHACK's employees and/or security personnel and JOHN DOES ASSAILANTS 1-10 as set forth above, negligently created a dangerous condition on the Premises, resulting in Plaintiff being battered, injured and damaged as set forth above.

63.     As a direct and proximate result of Defendants SHACK, CB HAWAII, CB and/or WTC, its/their agents, servants and/or employees negligent handling and/or performance and/or omission to perform their duties, which created a dangerous condition on the Premises, Plaintiff has been injured and damaged as described above, in amounts to be proven at trial.

## COUNT VI

### (Negligence - Failure to Train and/or Supervise)

64.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 to 63 as though fully set fort herein.

65.     Defendants SHACK, CB HAWAII, CB and/or WTC failed to adequately train and/or supervise its/their agents, servants, and/or employees and are therefore liable for the negligent conduct of said agents, servants and/or employees in this matter as described above.

66.     As a direct and proximate result of Defendants SHACK, CB HAWAII, CB and/or WTC's respective failures to adequately train and/or supervise their respective agents, servants, and/or employees, Plaintiff has been injured and damaged as described above, in amounts to be proven at trial.

## COUNT VII

### (*Respondeat Superior*)

67.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 to 66 as though fully set forth herein.

68.     Defendants SHACK, CB HAWAII, CB and/or WTC are liable for the negligence of their respective agents, servants and/or employees based upon the doctrine of *respondeat superior,* and thereby liable for injuries and damages as described above, in amounts to be proven at trial.

## COUNT VIII

### (Negligence – JOHN DOE ASSAILANTS 1-10)

69.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 to 68 as though fully set forth herein.

70.     JOHN DOE ASSAILANTS 1-10 each individually owed a duty to Plaintiff to avoid physically striking Plaintiff, as set forth above.

71.     JOHN DOE ASSAILANTS 1-10 above-described conduct constituted a breach of their respective duties to Plaintiff.

72.     JOHN DOE ASSAILANTS' 1-10 respective breach of duty was the direct and proximate cause of Plaintiff's injuries and damages, as set forth above.

73.     JOHN DOE ASSAILANTS 1-10, and/or their respective natural legal guardian(s) are liable, jointly and severally, for Plaintiff's damages in an amount to be proven at trial.

## COUNT IX

### (Battery)

74.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 to 73 above as though fully set forth herein.

75.     JOHN DOE ASSAILANTS 1-10, did intentionally, willfully, maliciously, and/or without just cause, and without provocation or consent on the part of Plaintiff, assault and batter Plaintiff by violently striking Plaintiff about his body, head and face with their fists, and kicking Plaintiff about his body, head and face with their feet, causing Plaintiff to suffer injuries as hereinafter set forth.

76.     JOHN DOE ASSAILANTS 1-10 did cause harmful and/or offensive contacts on Plaintiff's person.  Said actions as aforesaid were extreme and outrageous and were done with malice and with said Defendants' intent to cause, or with the knowledge that said actions would cause, physical and emotional injuries upon Plaintiff.

77.     Plaintiff did not consent to the above-described acts and conduct of JOHN DOE ASSAILANTS 1-10.

78.     As a direct and proximate result of the acts and conduct of JOHN DOE ASSAILANTS 1-10, Plaintiff has been injured and damaged as set forth above.

79.     JOHN DOE ASSAILANTS 1-10, and/or their respective natural legal guardian(s), are jointly and severally liable for Plaintiff's damages in an amount to be proven at trial.

## COUNT X

### (Assault)

80.    Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 to 79 as through fully set forth herein.

81.    JOHN DOE ASSAILANTS 1-10 each did intend to cause and did cause Plaintiff to suffer apprehension of an immediate harmful contact.

82.    JOHN DOE ASSAILANTS 1-10 each individually owed a duty to Plaintiff not to cause Plaintiff to suffer apprehension of an immediate harmful contact.

83.    JOHN DOE ASSAILANTS' 1-10 conduct as set forth above constituted a breach of their respective duties to Plaintiff.

84.    JOHN DOE ASSAILANTS' 1-10 breach of their respective duties were the direct and proximate cause of Plaintiff's injuries and damages set forth above.

85.    JOHN DOE ASSAILANTS 1-10 and/or their respective natural guardian(s) are jointly and severally liable for Plaintiff's damages in an amount to be proven at trial.

## COUNT XI

### (Outrageous Conduct/Intentional Infliction of Emotional Distress)

86.    Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 to 85 as though fully set forth herein.

87.    Defendants SHACK and JOHN DOE ASSAILANTS 1-10 conduct set forth above constitutes extreme and outrageous conduct which exceeds all bounds usually tolerated by a society, and was done with malice.

88.     As a direct and proximate cause of Defendants SHACK and JOHN DOE ASSAILANTS 1-10 extreme and outrageous conduct, Plaintiff suffered and continues to suffer severe mental distress and has been damaged in an amount to be proven at trial.

## COUNT XII

### (Gross Negligence)

89.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 to 88 as though fully set forth herein.

90.     Defendants' acts and/or omissions were done with an entire want of care which raises a presumption of conscious indifference to the consequences of their actions, and/or Defendants failed to perform a manifest duty owed to Plaintiff in reckless disregard of the consequences of their failure to perform.

91.     As a direct and proximate result of Defendants' gross negligence, Plaintiff has been injured in an amount to be proven at trial.

## COUNT XIII

### (Punitive Damages)

92.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 to 91 as though fully set forth herein.

93.     The conduct of Defendants as described above was willful, wanton, and malicious, and/or done oppressively with such malice as implies a spirit of mischief or criminal indifference to civil obligations, and/or was willful misconduct or done with an entire want of care which would raise a presumption of conscious indifference to consequences.  As a result, Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT XIV

### (Parental Liability – Defendant JOHN DOE ASSAILANTS 1-10)

94.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 to 93 as though fully set forth herein.

95.     Pursuant to Hawaii Revised Statute §577-3, the natural guardians of the above-identified individual Defendants JOHN DOE ASSAILANTS 1-10, who may have been minors at the time of the incident, are liable jointly and severally for the torts of the Defendants who were minors at the time of the incident.

96.     Plaintiff is entitled to damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MICHAEL SCALERA seeks judgment against Defendants, jointly and severally, as follows:

        A.     General damages in an amount to be proven at trial;

        B.     Special damages in an amount to be proven at trial;

        C.     Punitive damages;

        D.     Pre-judgment interest from the date of this incident;

        E.     Post judgment interest;

        F.     Attorney's fees;

        G.     Costs of bringing and maintaining suit;

        H.     Such other and further relief as this Court deems just.

DATED:  Honolulu, Hawaii, September _____ *β* _____ , 2009.


RYAN W. ROYLO
Attorney for Plaintiff
MICHAEL SCALERA

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| MICHAEL SCALERA,<br><br>       Plaintiff,<br><br>    vs.<br><br>THE SHACK WAIKIKI, LLC dba THE SHACK WAIKIKI, a domestic for-profit company; CB RICHARD ELLIS HAWAII, LLC, a domestic for-profit corporation; CB RICHARD ELLIS, INC. a foreign for-profit corporation;  WAIKIKI TRADE CENTER INVESTORS, LLC, a domestic for-profit corporation; JOHN DOE ASSAILANTS 1-10; JOHN DOES 11-20; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE NON-PROFIT ENTITIES 1-10; DOE GOVERNMENTAL ENTITIES 1-10; DOE NATURAL GUARDIANS 9-20; and DOE LEGAL GUARDIANS 1-20.<br><br>       Defendants. | Civil No. _____<br>(Other Non-Vehicle Tort)<br><br><br>SUMMONS |

## **SUMMONS**

STATE OF HAWAII

To the above-named Defendants:

      You are hereby summoned and required to serve upon Copulos Fisher & Roylo LLLC, Plaintiff's attorneys, whose address is American Savings Bank Tower, 1001 Bishop Street, Suite 1510, Honolulu, Hawaii, 96813, an answer to the Complaint which is herewith served upon you, within twenty (20) days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED:  Honolulu, Hawaii, _____SEP - 9 2009_____.

_____
Clerk of the Above-Entitled Court