IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 11-00839 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TORY WINWARD, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER REGARDING CONFLICT OF INTEREST OF DEFENSE COUNSEL

On June 28, 2012, the Court heard the Government's motion to determine whether a conflict of interest arose from defense counsel's representation of defendant Tory Winward. Assistant U.S. Attorney Michael Nammar appeared at the hearing on behalf of the Government; Michael Jay Green, Esq., and Lynn Panagakos, Esq., appeared at the hearing on behalf of Defendant Tory Winward. After reviewing the motion and the supporting and opposing memoranda, the Court concludes that this matter should be referred to the State of Hawaii Office of Disciplinary Counsel ("ODC").

BACKGROUND

On August 26, 2011, the United States filed a sealed Complaint against co-defendants Tory Winward ("Winward"), Curtis Swanson ("Swanson"),

and Jesse Keoki Toshio Yoshino ("Yoshino").  (Doc. # 1.)  On August 29, 2011, all three co-defendants were arrested and had their initial appearances before U.S. Magistrate Judge Richard L. Puglisi.  (Doc. # 7.)  After reviewing financial affidavits executed by the three co-defendants, Judge Puglisi appointed CJA counsel Lynn Panagakos to represent Swanson (doc. # 7), Deputy Federal Public Defender Donna Gray to represent Winward (doc. # 4), and CJA counsel Alvin Nishimura to represent Yoshino (doc. # 11).

On September 7, 2011, a federal grand jury returned an Indictment charging Winward, Swanson, and Yoshino with two counts of Conspiracy to Interfere with Commerce by Extortion.  (Doc. # 22.)  On September 8, 2011, Winward appeared before U.S. Magistrate Judge Kevin S.C. Chang for arraignment and entered a plea of not guilty.  (Doc. # 27.)  On September 9, 2011, Swanson appeared before Judge Chang for arraignment and entered a plea of not guilty.  (Doc. # 28.)  On September 29, 2011, Donna Gray withdrew as counsel for Winward and Michael Jay Green substituted in as his attorney.  (Doc. # 51.)  Mr. Green continues to represent Winward in the instant case.

On May 18, 2012, Defendant Winward filed a Motion to Dismiss Count One of the Indictment for Lack of Jurisdiction (doc. # 143) and a Motion to Dismiss Count One of the Indictment for Failure to State an Offense (doc. # 144).

2

Both motions were signed by Lynn Panagakos, for Michael Jay Green as counsel for Winward.  (Docs. ## 143, 144.)

On June 12, 2012, the Government filed the instant Motion for Hearing on Conflict of Interest of defense counsel, seeking resolution of any potential or actual conflict of interest resulting from Ms. Panagakos' former representation of co-defendant Swanson and Mr. Green's simultaneous representation of four plaintiffs in currently pending State civil cases against, among others, The Shack, Waikiki, Inc ("The Shack").  According to the Government, during the time periods set forth in the civil complaints, Defendant Winward served as the head of security at The Shack, and owned a portion of The Shack.  Mr. Green represents the plaintiff in each of the following four actions: (1) Reis-Vierra v. The Shack, Waikiki, Inc., et al., Civil No. 11-1-2931-11, (2) Justine Stevens v. The Shack, Waikiki, Inc., et al., Civil No. 12-1-0344-02, (3) Nainoa Bettencourt v. The Shack, Waikiki, Inc., et al., Civil No. 12-1-0741-03, and (4) Michael Scalera v. The Shack, Waikiki, Inc., et al., Civil No. 09-1-2090-09.  The plaintiff in each of these actions alleges that he/she was violently assaulted by The Shack Waikiki management and/or security guards.  The Government requests that the Court determine: (1) whether Mr. Green's and Ms. Panagakos' representation of Winward presents an actual or potential conflict of interest, (2) whether

3

Defendants may waive their constitutional right to conflict-free counsel, (3) if so, whether Defendants have validly waived that right here, and (4) whether to accept or decline any such waivers in light of the nature of the conflicts posed.

On June 22, 2012, Defendant Winward filed a response to the Government's Motion, requesting that the Court permit Mr. Green and Ms. Panagakos to continue to represent him in this action.  Defendant claims that no actual conflict of interest exists and that any potential conflict of interest has been waived by all relevant parties.  Defendant also contends that any concerns articulated by the Government regarding Mr. Green's representation may be adequately addressed by Mr. Green's withdrawal from the civil cases.

On June 25, 2012, Lynne Panagakos entered her appearance as co-counsel for Winward.

## DISCUSSION

The Sixth Amendment provides that a criminal defendant shall have the right to the assistance of counsel for his defense.  One element of this right is the accused's right to select and be represented by the attorney of his choice. United States v. Gonzalez-Lopez, 548 U.S. 140, 144 (2006).  Nevertheless, this right is not absolute as the "essential aim" of the Sixth Amendment is "to guarantee an effective advocate for each criminal defendant, rather than to ensure that a

4

defendant will inexorably be represented by the lawyer whom he prefers." Wheat v. United States, 486 U.S. 153, 159 (1988).

The Sixth Amendment also guarantees a criminal defendant the right to assistance of counsel unburdened by conflicts of interest. United States v. Elliot, 463 F.3d 858, 867 (9th Cir. 2006) ("Few aspects of our criminal justice system are more vital to the assurance of fairness than the right to be defended by counsel, and this means counsel not burdened by a conflict of interest." (citing United States v. Henke, 222 F.3d 633, 638 (9th Cir. 2000) (per curiam))); Bonin v. California, 494 U.S. 1039, 1044 (1990) (Marshall, J., dissenting) ("The right to counsel's undivided loyalty is a critical component of the right to assistance of counsel; when counsel is burdened by a conflict of interest, he deprives his client of his Sixth Amendment right as surely as if he failed to appear at trial."). Thus, while there is a presumption in favor of a defendant's counsel of choice, Gonzalez-Lopez, 548 U.S. at 144, "that presumption may be overcome not only by a demonstration of actual conflict of interest but by a showing of a serious potential for conflict." Wheat, 486 U.S. at 164. Determining whether a conflict exists "must be left primarily to the informed judgment of the trial court." Id.

The court may allow an attorney to proceed despite a conflict "if the defendant makes a voluntary, knowing, and intelligent waiver." United States v.

Martinez, 143 F.3d 1266, 1269 (9th Cir. 1998) (internal quotation marks and citation omitted).  Nevertheless, even in cases where a defendant waives an actual or potential conflict, district courts have "substantial latitude in refusing waivers of conflicts of interest" in favor of disqualification in cases "where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses."  Wheat, 486 U.S. at 163.  However, the district court "must recognize a presumption in favor of petitioner's counsel of choice." Id. at 164.  The Supreme Court has recognized the difficulty inherent in these situations:

> Unfortunately for all concerned, a district court must pass on the issue whether or not to allow a waiver of a conflict of interest by a criminal defendant not with the wisdom of hindsight after the trial has taken place, but in the murkier pre-trial context when relationships between parties are seen through a glass, darkly. The likelihood and dimensions of nascent conflicts of interest are notoriously hard to predict, even for those thoroughly familiar with criminal trials.

Id. at 162–63.

In ascertaining the existence of an actual or serious potential conflict, the court may look in part to the relevant body of professional rules.  See In re Grand Jury Investigation, 447 F. Supp. 2d 453, 458 (E.D. Pa. 2006) (finding that the Rules of Professional Conduct provide a useful guide against which to measure the conduct of lawyers subject to a disqualification motion).  The Local Rules for the District of Hawaii require attorneys practicing in the district to comply with the

6

Hawaii Rules of Professional Conduct ("HRPC").  See Local Rule 83.3.  HRPC 1.7 provides that:

> (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client unless:
>
>> (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
>>
>> (2) each client consents after consultation.
>
> (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests unless:
>
>> (1) the lawyer reasonably believes the representation will not be adversely affected; and
>>
>> (2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

Nonetheless, "when a disinterested lawyer would conclude that the client should not agree to the representation under the circumstances, the lawyer involved cannot properly ask for such agreement or provide representation under the circumstances. When more than one client is involved, the question of conflict must be resolved as to each client." HRPC 1.7 cmt. ¶ 5.

In light of the nature of the ethical issues raised in the instant motion,

the Court concludes that the preferred course under these circumstances is to refer the matter to the ODC for an opinion and/or recommendation regarding the conflict issues here presented.  Therefore, the Court directs the parties to submit the questions raised in the Government's motion directly to the ODC and to brief those matters in accordance with the schedule provided by the ODC.  The parties shall request an opinion regarding: (1) any conflict of interest resulting from Mr. Green's concurrent representation of the civil plaintiffs and Defendant Winward, (2) any conflict of interest that would result from Mr. Green's continued representation of Winward should Mr. Green voluntarily withdraw as counsel from the civil actions, and (3) any conflict of interest resulting from Ms. Panagakos' former representation of co-defendant Swanson.

After the ODC has made a recommendation, the parties shall re-resubmit the matter to this Court and the Court will make a final determination as to whether defense counsel must be disqualified from representing Defendant in this action.  All other motions currently pending in this action shall be held in abeyance pending resolution of the conflict of interest issues.

//

//

//

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 28, 2012.



_____
David Alan Ezra
United States District Judge

<u>United States v. Winward</u>, CV No. 11-00839; ORDER REGARDING CONFLICT OF INTEREST